IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins Division

**AUDREY M. COLLINS,**

    **Plaintiff,**

    v.                                                          Civil Action No. 2:16-cv-113 (Bailey)

**OCWEN LOAN SERVICING, LLC,
and DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for Novastar
Mortgage Funding Trust, Series 2007-1
Novastar Home Equity Loan
Asset-Backed Certificates, Series 2007-1,**

    **Defendants.**

> ELECTRONICALLY
> FILED
> Dec 29 2016
> U.S. DISTRICT COURT
> Northern District of WV

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF WEST VIRGINIA:

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Deutsche Bank National Trust Company, as Trustee for Novastar Mortgage Funding Trust, Series 2007-1 Novastar Home Equity Loan Asset-Backed Certificates, Series 2007-1, ("Deutsche Bank" collectively as "Defendants") by counsel, hereby remove this action from the Circuit Court in the Upshur County, West Virginia, to the United States District Court for the Northern District of West Virginia.  Removal is proper because this Court has subject matter jurisdiction over the action by way of diversity jurisdiction.  *See* 28 U.S.C. § 1332. Accordingly, Defendants remove this action to this Court, and in support of its Notice of Removal states the following:

**Background**

1. On or about November 30, 2016, Plaintiff Audrey M. Collins ("Plaintiff") filed a complaint (the "Complaint") against Ocwen and Deutsche Bank in the Circuit Court of Upshur County, Civil Action No. 16-C-110. A copy of the state court docket sheet is attached hereto as **Exhibit A**.

2. The Complaint involved claims stemming from the alleged actions of Defendants subjecting Plaintiff to "illegal and abusive debt collection practices during the servicing of the loans." (Compl.¶ 1). A copy of the Complaint is attached hereto as **Exhibit B**.

3. Upon information and belief, Ocwen was served with the Complaint on November 30, 2016 through the West Virginia Secretary of State.

4. This Notice of Removal is being filed within thirty days of Ocwen being served a copy of an amended pleading. Accordingly, the action is removable pursuant to 28 U.S.C. § 1446(b)(3).

5. In the Complaint, Plaintiff asserts various claims related to servicing of the loans. Plaintiff seeks "actual damages," "equitable relief," civil penalties for alleged violations of W.Va. Code §§ 46A-5-101(1) and 106, in addition to attorney fees and costs.

6. Defendants deny the allegations in the Complaint, deny that Plaintiff has stated any claim for which relief may be granted, and deny that Plaintiff has been damaged in any manner. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction because the proper parties are completely diverse and the amount in controversy well exceeds $75,000. Removal of this entire case is therefore proper under 28 U.S.C. §§ 1332, and 1441.

### Removal Based on Diversity Jurisdiction

7. Pursuant to 28 U.S.C. §§ 1332, 1348, 1367, 1441, and 1446, and this Court's diversity jurisdiction, removal of Plaintiff's State Court Civil Action to this Court is appropriate.

*Diversity Jurisdiction*

8. This Court has original diversity jurisdiction over Plaintiff's State Court Civil Action under 28 U.S.C. § 1332.

9. Section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

10. Here, both the requirements for original diversity jurisdiction under 28 U.S.C. § 1332 are satisfied.

11. Complete diversity exists between Plaintiffs and properly joined Defendants, thus satisfying the diversity requirement of 28 U.S.C. § 1332(a)(1).

12. Plaintiff's Complaint gives rise to diversity jurisdiction because the citizenship of Plaintiff and Defendants are completely diverse, and the amount in controversy exceeds $75,000.

**A.   Diversity of Citizenship**

13. Plaintiff is, and at the time of the filing of the Complaint were, a citizen of West Virginia as she is a resident of Upshur County, Buckhannon, West Virginia. (*See* Comp. ¶ 1). Accordingly, for purposes of determining diversity of citizenship, Plaintiff is a citizen of West Virginia.

14. Defendant Ocwen is a limited liability company organized under the laws of Delaware, with its principal place of business in Florida. (*See* Compl. ¶ 2.) The sole member of Ocwen is Ocwen Financial Corporation, which was incorporated in Florida and maintains its principal place of business in Georgia. Accordingly, for purposes of federal jurisdiction, Ocwen is not a citizen of the State of West Virginia. *See Cent. W. Va. Energy Co. v. Mt. State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2012) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members."); *Gen. Tech. Applications, Inc. v. Exro Ltd.*, 388 F.3d 114, 121 (4th Cir. 2004) (holding that limited liability company's "citizenship is that of its members").

15. Defendant Deutsche Bank is a national banking association organized under the laws of the United States. Under 28 U.S.C. § 1348, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." The Supreme Court of the United States has held that "a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 327 (2006); *accord Wachovia Bank, N.A. v. Preston Lake Homes, LLC*, No. 5:09-cv-00112, 2010 U.S. Dist. LEXIS 45675, at *2 n.1 (W.D. Va. 2010). In *Schmidt*, the Court found § 1348 did not encompass "every State in which [the association] conducts business or is otherwise amenable to personal jurisdiction." 546 U.S. at 318.

16. Deutsche Bank's main office is in California, as designated by its articles of association. (*See* Compl. ¶ 3). Therefore, Deutsche Bank properly is considered a California citizen. *See, e.g.*, *Parr v. Deutsche Bank Nat'l Trust Co.*, No. SA-13-CV-930-XR, 2014 U.S. Dist. LEXIS 11864, at *6-7 (W.D. Tex. Jan. 30, 2014) ("Deutsche Bank is a national banking

4

association with its main office, as designated in its articles of association, in California. Therefore, Deutsche Bank is a citizen of California."); *Bigbee v. Deutsche Bank Nat'l Trust Co.*, No. H-13-3573, 2014 U.S. Dist. LEXIS 7581, at *2 (S.D. Tex. Jan. 22, 2014) (finding Deutsche Bank a California citizen for diversity purposes); *Dial v. Deutsche Bank Nat'l Trust Co.*, No. 4:12CV00180, 2012 U.S. Dist. LEXIS 138929, at *5 n.3 (E.D. Ark. Sept. 26, 2012) ("It is also undisputed that Deutsche Bank is a California citizen."); *see Anand v. Ocwen Loan Servicing, LLC*, No. 13-1900, 2014 U.S. App. LEXIS 10557, at *2–4, 745 F.3d 195 (4th Cir. 2014) (sitting with diversity jurisdiction in a suit between Maryland citizens and Deutsche Bank, noting that Deutsche Bank is "headquartered in California")

17. Accordingly, there is complete diversity between Plaintiff and Defendants.

B. **Jurisdictional Amount**

18. Diversity jurisdiction requires an amount in controversy of greater than $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

19. "'[T]he test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 758 (E.D. Va. 2013) (quoting *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002)). "In lawsuits 'seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.'" *Monton v. America's Servicing Co.*, No. 2:11cv678, 2012 U.S. Dist. LEXIS 117259, at *10 (E.D. Va. Aug. 12, 2012) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)); *see also Rehbein v. CitiMortgage, Inc.*, 937 F. Supp. 2d 753, 758 (E.D. Va. 2013) ("In suits involving claims to real property, the amount in controversy is the value of the real property, not simply the amount of damages the plaintiff seeks"); *Sherman v. Litton Loan*

*Servicing*, 796 F. Supp. 2d 753, 766 (E.D. Va. 2011) (finding amount in controversy met based on "the manifest fact that the value of the Property exceeds $75,000"); *see also Nationstar Mortgage, LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (internal citation omitted) (finding that, although party sought below jurisdictional limit in monetary damages, the amount in controversy exceeded $75,000 where party also sought rescission and cancellation of the deed of trust and cancellation or removal of the clouds on title regarding property with a mortgage that exceeded $107,000); *Walker v. Waller*, 267 F. Supp. 2d 31, 32 (D.D.C. 2003) ("Where a plaintiff seeks declaratory relief, the amount in controversy is the 'value of the object of the litigation.'") (citations omitted).

20. In the present action, Plaintiff demands monetary relief in the form of actual damages and statutory penalties pursuant to section 46A-5-101 and -106 plus attorneys' fees and interest. Although Plaintiff does not set forth a civil penalty amount, the civil penalty is approximately $1,000.00 per violation. *See* W. Va. Code § 46A-5-101.

21. The amount in controversy is met by each defendant. It is unclear precisely how many alleged violations of the WVCCPA Plaintiff is claiming against Ocwen. However, from a fair reading of the face of Plaintiff's Complaint, it appears that she is alleging at least 105 violations. A civil penalty of approximately $1,000.00 per violation would amount to at least $105,000.00 in civil penalties under the WVCCPA. Accordingly, the statutory damages alone satisfy the jurisdictional requirement as to Ocwen. In sum, complete diversity exists and the amount in controversy requirement is satisfied. Accordingly, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and removal is proper.

22. Additionally, Plaintiff requests attorneys' fees pursuant to W. Va. Code § 46A-5-104. The Fourth Circuit has held that when a state statute (like the WVCCPA) provides

6

for the recovery of attorneys' fees, they may be included in calculating the amount-in-controversy under CAFA. *Bartnikowski v. NVR, Inc.*, 307 Fed. Appx. 730, 733 (4th Cir. 2009); *see also Waters v. Electrolux Home Prods., Inc.*, 2015 U.S. Dist. LEXIS 54728, at *20-21 (N.D. W.Va. April 27, 2015) (finding $5 million CAFA requirement met regardless of consideration of attorneys' fees, but considering inclusion of attorneys' fees as an alternative finding and holding that attorneys' fees should be included in amount-in-controversy calculation under specific WVCCPA allegations). Hence, the court may consider whether an award of attorneys' fees under the WVCCPA could make up a portion of the amount-in-controversy.

23.     Further, "[b]oth state and federal courts in West Virginia recognize the presumptive reasonableness of an attorneys' fee equal to one-third of a recovery." *Archbold v. Wells Fargo Bank, N.A.*, No. 3:13-cv-24599, 2015 U.S. Dist. LEXIS 92855, at *11 (S.D. W. Va. July 13, 2015); *Muhammad v. Nat'l City Mortg., Inc.*, Civil Action No. 2:07-0423, 2008 U.S. Dist. LEXIS 103534, at *20-21 (S.D. W. Va. Dec. 19, 2008); *see also Eriksen Constr. Co. v. Morey*, 923 F. Supp. 878, 881 (S.D. W. Va. 1996) ("The Court notes a one-third contingency fee is presumptively reasonable in West Virginia. Nevertheless, a forty percent (40%) contingency fee is a common fee contract proviso for cases that proceed to trial.") (internal citations omitted); *F.S. & P. Coal Co. v. Inter-Mountain Coals, Inc.*, 179 W. Va. 190, 366 S.E.2d 638 (1988) (a one-third attorneys fee is the "going rate" in contingency fee cases).

24.     Therefore, accepting a percentage rate of one-third of an award of at least $105,000.00, it is a reasonable determination that attorneys' fees could be $35,000.00, bringing the amount-in-controversy to $140,000.00.

25.     Moreover, Plaintiff alleges actual damages however, Plaintiff's Complaint does not allege sufficient facts to determine the amount of actual damages.

26. Thus, assuming the allegations in the Complaint are true, which Defendants do solely for the limited purpose of removal, when added together, the potential actual damages, potential statutory damages, and the statutory entitlement to attorneys' fees, can reasonably be expected to exceed $140,000.00. Accordingly, Defendants have more than established that the amount-in-controversy is satisfied pursuant to 28 U.S.C. §§ 1332(d)(2) & 1332(d)(6).

### III.   VENUE

27. Venue is proper in this Court because this district and division encompass the Circuit Court for Upshur County, West Virginia, the forum from which this case has been removed.

### IV.   NOTICE

28. Concurrent with the filing of this Notice of Removal, Defendants will file a Notice of Filing Notice of Removal with the Clerk of the Circuit Court for the Upshur County, West Virginia and will attach a copy of this Notice of Removal thereto.  A copy of the Notice of Filing of Notice of Removal, excluding exhibits, is attached hereto as **Exhibit C**.

29. Defendants reserve the right to amend their Notice of Removal and/or oppose any amendment of Plaintiff's Complaint that would add any non-diverse defendant(s), destroying this Court's diversity jurisdiction.

30. If any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief and argument in support of their position that this case is removable.

### V.   CONCLUSION

WHEREFORE, Defendants Ocwen Loan Servicing, LLC, and Deutsche Bank hereby remove this action to this Court and seek all other relief as this Court deems equitable and just.

Dated: December 29, 2016

Respectfully submitted,

**OCWEN LOAN SERVICING, LLC, and DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for Novastar Mortgage Funding Trust, Series 2007-1Novastar Home Equity Loan Asset-Backed Certificates, Series 2007-1,**

By: ___/s/ Jason E. Manning_____
  Of Counsel

Jason E. Manning (WV Bar No. 11277)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
E-mail: jason.manning@troutmansanders.com

Massie P. Cooper (WV Bar No. 12654)
TROUTMAN SANDERS LLP
1001 Haxall Point
Richmond, Virginia 23219
Telephone: (804) 697-1392
Facsimile: (804) 697-1339
E-mail: massie.cooper@troutmansanders.com

*Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Elkins Division**

**AUDREY M. COLLINS,**

    **Plaintiff,**

    v.                                          Civil Action No. _____

**OCWEN LOAN SERVICING, LLC,
and DEUTSCHE BANK NATIONAL
TRUST COMPANY, as Trustee for Novastar
Mortgage Funding Trust, Series 2007-1
Novastar Home Equity Loan
Asset-Backed Certificates, Series 2007-1,**

    **Defendants.**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of December, 2016, a true and correct copy of the foregoing *Notice of Removal* was sent via Federal Express and electronic mail to the following addresses:

**Counsel to Plaintiff**

Michael C. Nissim-Sabat (WV State Bar No. 12233)
Lydia C. Milnes (WV State Bar No. 10598)
Mountain State Justice, Inc.
215 S. Third St., Ste. 901
Clarksburg, West Virginia 26301
Telephone: (304) 326-0188


Jason E. Causey (WV State Bar No. 9482)
Bordas & Bordas, PLLC
1358 National Road
Wheeling, West Virginia 26003
Telephone: (304) 242-8410

10

/s/ Jason E. Manning
Jason E. Manning (WV Bar No. 11277)
Troutman Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7765
Facsimile: (757) 687-1504
Email: jason.manning@troutmansanders.com

30038024v1

11